MELISSA MAE MIELKE-METZGER,

Plaintiff,

v.

RICHARD O. MORIARTY,

Defendant.

Case No. 26-CV-132-JPS

**ORDER**

Plaintiff Melissa Mae Mielke-Metzger ("Plaintiff") sues Defendant Richard O. Moriarty ("Defendant") for various violations of the Fair Housing Act. ECF No. 1. Plaintiff also moves for leave to proceed in forma pauperis. ECF No. 2. This order denies Plaintiff's motion to proceed in forma pauperis and defers screening Plaintiff's pro se complaint until she pays the filing fee for this action.

A party proceeding pro se may submit a request to proceed without prepaying the filing fee, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Plaintiff avers that she is both married, has one dependent (and one 19-year-old daughter for whom she owes back child support), and is both employed and unemployed (which may be a reflection of the fact that, as of the date of Plaintiff's motion, she had recently ended her full-time position and was working only one hour per week in a limited position). ECF No. 2 at 1–2. Although she owns no real estate, she owns two cars: a 2001 GMC Sierra 1500 and a 2015 Chrysler 200. *Id.* at 3. Plaintiff has approximately $2,100 in cash on hand or in bank accounts and, as for other assets, has $25,000 in retirement accounts, approximately $5,000 in stocks, $5,000 in jewelry, and $200 in art. *Id.* at 4. Plaintiff states that she was employed up until January 13, 2026 (two weeks prior to her filing this action) and earned approximately $4,200 per month from that job. *Id.* at 2. Inconsistently, she elsewhere in her motion states that she earned around $78,000 annually for

non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants— prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

that employment (which breaks down to $6,500 monthly). *Id*. She further states that she is currently working a very limited contract position—earning approximately $390 monthly—and "hopes to start another contract job soon." *Id*. Plaintiff also filed for unemployment in January 2026. *Id*. Plaintiff's monthly expenses total approximately $3,930, though she mentions that multiple expenses "var[y]" without further explanation.[2] *Id*. at 1 (mentioning that her child support for her 14-year-old step-daughter varies monthly), 3 (asserting that the monthly "court order restitution and court fees" payment varies).

The threshold for a finding of indigence whereby a Court may permit a litigant to proceed in forma pauperis is when the litigant is "too poor to pay court fees." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). Plaintiff's motion makes clear that she is *not* too poor to pay the filing fees. Indeed, Plaintiff was employed just weeks before filing her complaint; she has $2,100 in a checking or savings account, $5,000 in stocks, $5,000 in jewelry, and $200 in art. ECF No. 2 at 2, 4. While the Court recognizes that Plaintiff may not be able to pay the fees without any personal cost, it cannot find that she is too poor to pay the fee while still maintaining daily necessities for herself and her family. Accordingly, Plaintiff's motion to proceed in forma pauperis will be denied. Plaintiff must therefore pay the filing fee in this action on or before **July 6, 2026**. Failure to timely pay the filing fee may result in dismissal of this action without prejudice.

---

[2]Plaintiff asserts that her monthly expenses total $3,950, but this appears to be an error in arithmetic. The Court adds up all of her expenses to total $3,930.

Accordingly,

**IT IS ORDERED** that Plaintiff Melissa Mae Mielke-Metzger's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff Melissa Mae Mielke-Metzger shall, on or before **July 6, 2026**, pay the full filing fee in this action; failure to timely pay the filing fee may result in this action being dismissed without prejudice without further notice.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:
Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**. Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.